IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MESA RITH,<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | ORDER & MEMORANDUM DECISION<br><br><br>Case No. 2:04 CV 787 TC |

On December 6, 2000, the Federal Grand Jury for the District of Utah indicted Petitioner Mesa Rith on one charge of assault on a federal officer, one charge of attempted escape from a federal facility, and aiding and abetting. (2:00 CR 562, hereinafter "Assault Case," Dkt. No. 1). The government alleged that on November 4, 2000, Mr. Rith assaulted a corrections officer while attempting to escape from the Salt Lake Adult Detention Center. At that time, Mr. Rith was in custody awaiting sentencing after having been found guilty on charges of armed bank robbery, use of a firearm during a crime of violence and aiding and abetting (2:98 CR 586, hereinafter "Bank Robbery Case.").[1]

On March 6, 2001, in the Assault Case, Mr. Rith plead guilty to assault on a federal officer. On July 30, 2001, the court sentenced Mr. Rith to 96 months in custody, to run

---

[1] On October 6, 2000, a jury in the Bank Robbery Case found Mr. Rith and his co-defendant guilty of both charges. Following his appeal, Mr. Rith filed a petition under 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The court denied his petition on October 20, 2004. (Dkt. No. 20) Mr. Rith has filed an appeal of the court's order with the Tenth Circuit Court of Appeals.

consecutively with the sentence imposed in the Bank Robbery Case. (Assault Case, Dkt. No. 58). Earlier, on May 23, 2001, the court had sentenced Mr. Rith in the Bank Robbery Case to 137 months in custody on count 1 and 84 months on count 2, the two terms of imprisonment to run consecutively. (Bank Robbery Case, Dkt. No. 278).[2]

Mr. Rith has now filed a petition pursuant to 28 U.S.C. § 2255. He contends that he received ineffective assistance of counsel in connection with his guilty plea and at time of sentencing. Specifically, he first argues that his attorney told him that the government had offered to consolidate the sentencings in the Bank Robbery Case and the Assault Case "resulting, in theory, to a two-level enhancement of the Defendant's robbery sentence" when, in fact, there was no formal agreement by the Government. (Mesa Rith's Mem. of Points & Auth. in Supp. of Mot. under 28 U.S.C. § 2255 at 9, (hereinafter "Rith Mem.") 2:04 CV 787, Dkt. No. 2). Second, Mr. Rith contends that his attorney was ineffective when, at sentencing, he failed to object to the court's conclusion that Mr. Rith was a "career offender" as defined by the Sentencing Guidelines. Mr. Rith maintains that the court's finding violated the rule set down in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S.Ct. 2531 (2004).

For the reasons set forth below, the court denies Mr. Rith's petition.

**Background**

In connection with the change of plea, Mr. Rith signed a document "Statement by Defendant in Advance of Plea of Guilty." (Assault Case, Dkt. No. 27). Mr. Rith signed the document certifying that: "I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct." (Id. at 7).

---

[2] The court initially set the two sentencing hearings to be held at the same time. Later, the dates were changed and were held on different dates.

The document contained the following description of the plea agreement between Mr. Rith and the government:

13. The only plea agreement which has been entered into with the government is as follows. There are no other agreements or arrangements. No promises other than those stated below have been made.

    a. Defendant agrees to enter a plea of guilty to Count I of the Indictment.

    b. The Government agrees to:

        1) Recommend that defendant be given a 3 level reduction for acceptance of responsibility, if my offense level is sixteen (16) or greater, or a two level reduction for acceptance of responsibility if my offense level is less than sixteen (16), if I demonstrate an acceptance of responsibility for this offense by virtue of my conduct up to and including the time of sentencing. I understand that if, in the opinion of the United States Attorney's Office, I have not demonstrated an acceptance of responsibility for this offense, the government will not recommend the acceptance of responsibility reduction. I further understand that if the government does not make a recommendation for acceptance of responsibility due to my failure to accept responsibility for this offense, it will not be a basis for me to withdraw my guilty plea.

        2) Move the Court to dismiss Count II of the Indictment at the time of sentencing;

        3) Move the Court to dismiss the Indictment in case 2:99CR 0689C at the time of sentencing in this matter;

        4) Not pursue federal charges against defendant for alleged assaultive behavior against Salt Lake County Corrections Department Deputy Coleman that took place on or about October 31, 2000, while defendant was incarcerated at the Salt Lake County Adult Detention Center and in custody of the United States Marshal Service; and

        5) Move the Court to dismiss the Supervised Release Petition in Case 2:96CR 0036G currently pending before the Honorable J. Thomas Greene.

(Id. at 4-5).

At the March 6, 2001 hearing, the court carefully reviewed the plea agreement with Mr. Rith. The court then asked Mr. Rith: "All right. Is this the complete, total agreement you've got with the government?" Mr. Rith, under oath, answered: "As far as I understand it, yes." The court asked: "Is there anything else that you felt was part of your agreement that isn't in here or that is different than what we just went over?" Mr. Rith responded: "No." (Transcript of March 6, 2001 hearing, hereinafter "March 6 Tr."at 16-17). Both Mr. Rith's attorney and the government's attorney confirmed that the Statement in Advance of Plea of Guilty described the entire plea agreement between Mr. Rith and the government. (Id. at 17-18). Significantly, in view of Mr. Rith's present contention, there is nothing in the plea agreement indicating that the government would make any recommendation that his sentence run concurrently with the sentence imposed in the Bank Robbery Case in exchange for Mr. Rith's plea of guilty in the assault case.

At the March 6 hearing, the court made clear to Mr. Rith that it would be the court's job to decide the appropriate sentence:

> I would imagine that Mr. Jorgensen [Mr. Rith's attorney] has attempted to give you some idea of what your sentence might be, particularly in view of your other pending sentencing [in the Bank Robbery Case], and he's attempted to give you some idea of what your guideline range might be. That's part of his job. He's supposed to do that. But I want you to understand that that is just an estimate, or a calculation.
> Absolutely no one can give you any promises or any guarantees of what your guideline range is going to be or what your sentence will be. And you aren't going to know that, Mr. Rith, until the day of sentencing when you come into this courtroom and I tell you. And even if you get a sentence that is different than what you thought you were going to get, at that time that's not going to be a reason for me to let you withdraw your guilty plea. Do you understand that?

(March 6 Tr. at 13).

Mr. Rith answered that he understood. (Id.).

On May 31, 2001, after having received the draft Presentence Report, Mr. Rith moved to withdraw his guilty plea. Mr. Rith claimed, among other grounds, that his attorney told him "that this offense, 2:00 CR 562C [the Assault Case], and co-pending offense, 2:98 CR 586 [the Bank Robbery Case], would likely be combined under U.S.S.G. § 5G1.2 and U.S.S.G. §§ 3D1.1 and 3D1.4." (Mesa Rith's Mot.Withdraw the Plea, Assault Case, Dkt. No. 42). This is the same claim Mr. Rith now asserts in his § 2255 petition.[3]

Mr. Rith submitted the declaration of his counsel, Ronald Jorgensen, in support of his motion. Mr. Jorgensen stated:

> [Phil Viti, the prosecutor] . . . . and I discussed a possible plea. [Viti] and I discussed a possible plea. [Viti] suggested that a timely plea may favor Rith since the assault offense <u>could be</u> combined with Rith's bank robbery offense at sentencing. . . . I concluded that the Court <u>may</u> combine the offenses if both were sentenced at the same time.
>
> I had a series of meetings with Rith about a plea. During these meetings I discussed the Guidelines. I expressed my opinion that the Court <u>may</u> combine Rith's sentences.

(Decl. in Supp. of Mesa Rith's Mot. to Withdraw the Plea, Assault Case, Dkt. No. 50) (emphasis added).

The court denied Mr. Rith's motion, noting that, at the time he changed his plea, it had taken great care (as described above) to advise him of the maximum possible penalties and had cautioned him not to rely on any estimates or calculations his attorney, or anyone gave him about the sentence he would receive. (Order at 3-4, Assault Case, Dkt. No. 51).

On appeal, Mr. Rith challenged the court's denial of the motion to withdraw his guilty

---

[3] In his motion to withdraw his guilty plea Mr. Rith also claimed that his attorney had failed to warn him that he could be sentenced as a Career Offender under the Sentencing Guidelines.

plea. The Tenth Circuit Court of Appeals affirmed the court's decision, holding that defense counsel's alleged error in failing to predict that Mr. Rith would be sentenced as a Career Offender did not entitle Mr. Rith to withdraw his guilty plea.[4] United States v. Rith, 63 Fed.Appx 463, *464, 2003 WL 21153245, *1 (10th Cir. 2003) (unreported decision).

### Analysis

<u>Ineffective Assistance of Counsel</u>

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

    1. <u>The Guilty Plea</u>

Mr. Rith argues that "counsel jumped the gun during plea negotiations, by advising the

---

[4] It appears that on appeal, Mr. Rith did not raise the issue of the alleged promise by the government to recommend that his two sentences run concurrently.

Defendant that he had a 'deal' with the Government when, in fact, no binding agreement had been reached with the Government." (Rith Mem. at 9). Although the Strickland test involves two separate prongs, here, analysis of the performance prong and of the prejudice prong are intertwined.

The evidence in the record strongly indicates that before the March 6 change of plea hearing, Mr. Rith and his counsel both knew that the government had not committed to making a recommendation that his sentences run concurrently. Mr. Jorgensen, in his affidavit, stated that he and Mr. Rith discussed that the court "may" combine the sentences. At the March 6 hearing, Mr. Rith stated, under oath, that the agreement as set forth in the Statement in Advance of Plea of Guilty was the total, entire agreement between the Defense and the government. Accordingly, it is doubtful that Mr. Jorgensen "jumped the gun" or that his performance was deficient.

In any event, Mr. Rith cannot show that he was prejudiced even if his allegations are correct. There is no doubt that Mr. Rith was made aware that the government had not made such an agreement at the hearing. As outlined above, he signed the Statement in Advance of Plea in which the agreement was described. There was no provision regarding a recommendation for concurrent sentences. The court carefully went over the plea agreement with Mr.Rith, and asked both counsel and Mr. Rith if the description of the agreement was the complete agreement. All parties answered that it was. This exchange occurred before Mr. Rith entered his plea or guilty.

Even assuming that Mr. Jorgensen had mistakenly advised Mr. Rith that the government had agreed to make a recommendation regarding concurrent sentences, Mr. Rith suffered no prejudice as a result of Mr. Jorgensen's error. If Mr. Rith did not learn until the March 6 hearing that there was no such agreement, he could have informed the court that he did not want to plead guilty and the court would have simply set the matter down for trial. Instead, even after the court

reviewed the plea agreement with him, Mr. Rith plead guilty, knowing full well that there was no agreement that the government would recommend that the sentences run concurrently.

Moreover, the court took care to advise Mr. Rith that no one could assure him what sentence he would receive. He knew that even if the government had agreed to make a recommendation that his sentences run concurrently, the court was free to disregard the recommendation.

### 2. The Sentencing

Mr. Rith contends that at sentencing, his attorney was ineffective when he failed to object to the court's conclusion that Mr. Rith was a "career offender" as defined by the Sentencing Guidelines. He argues that the court's sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

Mr. Rith raised the same argument, unsuccessfully, on appeal. Mr. Rith contended that the district court erred when it refused to allow him to withdraw his guilty plea because, according to Mr. Rith, his attorney had failed to inform him that he could be sentenced as a career offender. The Tenth Circuit rejected the argument, noting that Mr. Rith was advised that there was no guarantee of a particular sentence. The court pointed out: "Mr. Rith acknowledged on the record that the statutory maximum sentence for his offense was ten years, . . . that the district court's final calculation of his sentence might differ from anything predicted by the attorneys in the case, . . . and that he would not be able to withdraw his plea based on such a difference in calculation." United States v. Rith, 63 Fed. Appx. at *2 (record citations omitted).

Mr. Rith now argues, under Apprendi v. New Jersey, 530 U.S.466 (2000) and United States v. Booker, 125 U.S. 738 (2005), that the court could not properly enhance his sentence as a career criminal. This argument is not persuasive. The Tenth Circuit, faced with the question of

8

whether imposition of a sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) could be decided by the court, held: "Neither the existence of prior convictions, nor their classification as 'violent felonies,' constitute facts that must be charged in an indictment and proven to a jury under a 'beyond a reasonable doubt' standard." United States v. Moore, 401 F3d 1220, 1226 (10th Cir. 2005).

To the extent Mr. Rith is contending that his counsel was ineffective for failure to inform him that he could be sentenced as a career criminal, that argument, too, necessarily fails. The Tenth Circuit has specifically held that an attorney's performance was not ineffective under Strickland when the attorney's prediction on the possible sentence was wrong:

> Defendant has failed to show that original counsel's failure to predict the relevant conduct inclusion in his offense level constituted ineffective assistance of counsel entitling him to relief. A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.

United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) (citations omitted.)

For the above reasons, Mr. Rith's Petition is DENIED.[5]

DATED this 19th day of May, 2005.

BY THE COURT:

TENA CAMPBELL
United States District Judge

---

[5] Mr. Rith has also moved for appointment of counsel and an evidentiary hearing. Because the materials in this case, including the files and records of the court, conclusively show that Mr. Rith is not entitled to relief, the court denies his motion for an evidentiary hearing. See 28 U.S.C. § 2255. Because there is no need for an evidentiary hearing, the court also denies Mr. Rith's motion for counsel.